UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JONES, #268606,

       Petitioner,

                                CASE NO. 2:08-CV-13740
v.                             HONORABLE GERALD E. ROSEN

MARY K. BERGHUIS,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Anthony Jones ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded *no lo contendere* to one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1), in the Saginaw County Circuit Court and was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to 13 to 25 years imprisonment in 2006. In his pleadings, Petitioner asserts that he should be re-sentenced because the trial court failed to sentence him in accordance with his understanding of the terms of his plea agreement. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from his sexual assault upon nine-year-old girl at a residence in Saginaw, Michigan on or about February 4, 2006. Petitioner pleaded *no lo contendere* to one count of first-degree criminal sexual conduct in exchange for the dismissal of an additional first-degree criminal sexual conduct charge and an agreement for a sentence within the midpoint of the guideline range on May 18, 2006. At the plea hearing, the prosecutor specifically stated:

> And the recommendation from the prosecution is the middle of the guidelines. We have not agreed on the guideline numbers. Tentatively we have scored 51 to 127, which would put him around seven years, six months, but, again, those number we haven't agreed upon. They were just the tentative numbers that we've run back and forth.

Plea Tr., pp. 3-4. Defense counsel agreed, stating that "there has been no agreement as to what the guidelines would be, only that it would be the middle of the guidelines." *Id*. at 4. The trial court informed Petitioner that he faced a maximum sentence of life imprisonment and that the court could impose any penalty allowed by law. *Id.* at 5, 8. Petitioner acknowledged his understanding of the plea agreement and the possible maximum sentence. *Id*. at 5, 8. Petitioner also indicated that no other promises or threats had been made to induce him to enter a plea and that he was pleading *no lo contendere* freely and voluntarily. *Id*. at 8-10.

A sentencing hearing was conducted on July 12, 2006. At that hearing, the parties discussed the scoring of the guidelines. The guidelines ultimately provided for a minimum sentence of 108 to 225 months imprisonment. Sent. Tr., p. 9. At that time, defense counsel noted that the initial numbers were for a minimum sentence of 51 to 127 months imprisonment and stated: "To some degree I would say my client, even though he acknowledged on the record that it's midway of the guidelines, was of the impression that he was looking at – I believe it to be seven years and five months....I would ask that the Court consider that at this point...." *Id.* at 9-10. Petitioner also asked

the court to take his guidelines into consideration. *Id*. at 10. The trial court sentenced Petitioner to a term of 13 to 25 years imprisonment.

Following sentencing, Petitioner filed a motion to correct an invalid sentence with the state trial court claiming that he was not sentenced in accordance with his understanding of the plea agreement and asking to be re-sentenced. The trial court denied the motion, stating as follows:

> The Court has reviewed the plea and sentencing transcripts and notes that during the plea hearing, defense counsel indicated that the guidelines were tentatively scored at 51 to 127 months, but that the numbers had not been agreed upon. The Court inquired if the Defendant understood that the Court would impose a sentence in the middle of the guideline range pursuant to the plea agreement. The Defendant indicated that he understood the agreement. The Court did not inform the Defendant that he would be sentenced to 7 ½ to 8 years.
>
> At the sentencing hearing, it was determined that the actual guideline range was 108 to 225 months. Defense counsel informed the Court that his client believed the middle of the guideline range to be approximately 7 ½ years and requested that the Court consider his client's understanding when imposing sentence. The Court has carefully reviewed the transcript in this matter and has determined that the Court imposed a sentence that complied with the terms of the agreement as stated on the record. Accordingly, the Defendant is not entitled to the requested relief.

*People v. Jones*, No. 06-027481-FC (Saginaw Co. Cir. Ct. Jan. 31, 2007). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." *People v. Jones*, No. 280415 (Mich. Ct. App. Oct. 16, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied for failure to establish "entitlement to relief under MCR 6.508(D)." *People v. Jones*, 480 Mich. 1076, 744 N.W.2d 171 (2008).

Petitioner thereafter filed his federal habeas petition raising the following claim:

> [He] is entitled to a correction of his sentence so as to comply with what he was led to believe would be his sentence which was the basis for his no contest plea.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**III.    Standard of Review**

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

4

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the state trial court denied Petitioner's motion to correct an invalid sentence on the merits. The Michigan Court of Appeals then denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal for failing to establish "entitlement to relief under MCR 6.508(D)." To the extent that the state courts did not specifically address whether the alleged error constitutes a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review is *de novo*. *See Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010); *see also Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, the Court finds that Petitioner is not entitled to

federal habeas relief under either a deferential or *de novo* standard of review.

**IV. Analysis**

Petitioner asserts that he is entitled to habeas relief because the trial court failed to sentence him in accordance with his understanding of the plea agreement. Petitioner claims that the plea agreement called for a minimum sentence at the midpoint of the guideline range, which he believed would be about 7 ½ years imprisonment, but he was unfairly given a minimum sentence of 13 years imprisonment. Petitioner does not wish to withdraw his plea; rather, he seeks to be re-sentenced with a minimum sentence of 7 ½ years imprisonment. Respondent contends that this claim lacks merit and does not warrant habeas relief.

In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." The Court subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to enter the plea. *See Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). Under *Santobello*, the appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See Santobello*, 404 U.S. at 263. The appropriate remedy is within the trial court's discretion, *id*., and the Constitution does not require specific performance, *see Mabry*, 467 U.S. at 510 n.11. "[A] federal court sitting in habeas review should not 'lightly find misrepresentation in a plea agreement.'" *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (quoting *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000)). Further, the prosecution is held only to the literal terms of the plea agreement. *See United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).

In this case, the state trial court found that the plea agreement was not violated because the agreement called for a sentence at the midpoint of the guideline range and Petitioner was so sentenced. The court found that the initial scoring of the guidelines which provided for a minimum sentence of 51 to 127 months (4 years 3 months to about 10 ½ years) was preliminary, that Petitioner was advised of this fact, and that he indicated his understanding of the plea agreement. The court further found that the final guideline range was calculated at 108 to 225 months (9 years to 18 years 9 months), and that Petitioner was given a minimum sentence of 13 years imprisonment – a sentence within the midpoint of the guideline range as required by the plea agreement.

This Court agrees. In determining the scope of a plea agreement, the content of the promises made is a question of fact. *See United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). At the plea hearing, the parties agreed that the plea deal was for a sentence at the midpoint of the guidelines, but did not include an agreement on the applicable sentence range or the actual sentence. The preliminary scoring of the guideline range was not a term of the agreement which bound the prosecutor or the trial court. The record reveals that the prosecution fulfilled its obligations under the plea agreement and that the trial court imposed a sentence within the midpoint of final guideline range. Petitioner's assertions to the contrary are belied by the record. He has failed to establish that the prosecution breached his plea agreement in violation of the principles set forth in *Santobello*. *See, e.g., Wright v. Lafler*, 247 F. App'x 701, 706-07 & n. 5 (6th Cir. 2007) (rejecting similar claim); *Sisler v. Booker*, No. 07-CV-10944-DT, 2009 WL 2222605, *13-14 (E.D. Mich. July 22, 2009) (adopting magistrate judge's report denying relief on similar claim). Petitioner is not entitled to relief from this Court based upon his purported subjective understanding of the plea agreement when his version conflicts with the state court record. *See Mabry,* 467 U.S. at 510-11. Habeas relief is not warranted on this claim.

Petitioner is also not entitled to relief on any claim that his plea was involuntary or any claim that defense counsel was ineffective for failing to properly advise him about his plea. When a criminal defendant is convicted as a result of a plea, a federal habeas court reviews whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was 27 years old and had prior experience with the criminal justice system. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading *no lo contendere*. The court discussed the plea agreement and informed Petitioner of his maximum possible sentence. Most significantly, the court stated that the plea agreement provided that Petitioner's minimum sentence would be at the midpoint of the guideline range. The court noted that the guidelines had been scored at 51 to 127 months, but that those numbers were preliminary. Petitioner indicated that he understood the plea agreement and stated that he was pleading *no lo contendere* of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement,

8

had been made to him to induce him to tender his plea.

Petitioner claims that his plea was not knowing and voluntary because the prosecutor, the trial court, and/or defense counsel led him to believe that he would receive a minimum sentence of 7 ½ years imprisonment, at the midpoint of the preliminary guideline range. Petitioner's claim conflicts with his sworn testimony at the plea hearing in which he denied being promised anything beyond what was stated on the record. The record reveals that Petitioner was informed of the maximum possible sentence, that the plea agreement called for a sentence at the midpoint of the guideline range, and that the initial scoring of the guidelines was preliminary. The fact that Petitioner was subsequently dissatisfied with his sentence or hoped for more lenient treatment does not render his plea involuntary. *Brady*, 397 U.S. at 757. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner has also not established that counsel misadvised him as to his possible sentence. Both the prosecutor and defense counsel stated on the record that the plea agreement was for a sentence at the midpoint of the guidelines, that the initial scoring of the guidelines was preliminary, and that the guideline numbers had not been agreed upon. Nonetheless, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy

9

cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565. Consequently, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Curry v. United States*, 39 F. App'x 993, 994 (6th Cir. 2002); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002). The trial court conducted a proper colloquy in this case. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary, and that defense counsel was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Habeas relief is not warranted.

## V.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief and his petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2010, by electronic mail and upon Anthony Jones, #268606, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by ordinary mail.

s/Ruth A. Gunther
Case Manager